UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In Re:                                                    Chapter 7

Frank Vincent Belmonte,                                   Case No. 817-73721-735

                    Debtor.

--------------------------------------------------------X

Marc A. Pergament, Chapter 7 Trustee of the               Adv. Proc. No. 817-_____-735
Estate of Frank Vincent Belmonte,

                    Plaintiff,                            COMPLAINT

      - against -

Shakeh Belmonte,

                    Defendant.

--------------------------------------------------------X

       Plaintiff, Marc A. Pergament, Chapter 7 Trustee ("Trustee" or "Plaintiff") of the

Estate of Frank Vincent Belmonte ("Debtor"), by his attorneys, Weinberg, Gross & Pergament

LLP, as and for his Complaint herein, alleges as follows:

## JURISDICTION AND VENUE

       1.     This adversary proceeding is commenced pursuant to 11 U.S.C. §§ 363,

541, 542 and Rules 6004, 6009 and 7001 of the Federal Rules of Bankruptcy Procedure, seeking

an order authorizing the sale of real property.

       2.     This Court has subject matter jurisdiction over this adversary proceeding

pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

       3.     The claim for relief in this proceeding is a "core proceeding" within the

meaning of 28 U.S.C. § 157(b)(2).

4.     This Court has venue pursuant to 28 U.S.C. § 1409(a).

## FACTUAL ALLEGATIONS

5.     On June 19, 2017 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

6.     Plaintiff is the duly appointed Chapter 7 trustee pursuant to 11 U.S.C. § 704, having been appointed after the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, has duly qualified as such, and by operation of law, became the permanent Trustee of this case.

7.     Upon information and belief, at all times relevant herein, Defendant Shakeh Belmonte ("Ms. Belmonte") has been a domiciliary of the State of New York.

8.     Upon information and belief, Defendant Ms. Belmonte is the wife of the Debtor.

9.     Upon information and belief, the Debtor and Defendant own in fee, as tenants by the entireties with right of survivorship, certain real property known as 23 Gary Road, Syosset, New York (hereinafter the "Real Property").

10.     Upon information and belief, the Debtor and the Defendant own no other property as tenants in common or otherwise.

## AS AND FOR A FIRST CLAIM FOR RELIEF

11.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "10" of this Complaint as if more fully set forth at length herein.

12.     As of the Petition Date, the Debtor owned, by tenants by the entireties with right of survivorship in the Real Property.

2

13.     As of the date hereof, the Debtor owns, by tenants by the entireties the Real Property with the Defendant.

14.     The Debtor's interest in the Real Property is property of the Debtor's estate pursuant to 11 U.S.C. § 541.

15.     The Plaintiff is entitled to sell the Debtor's interest in the Real Property pursuant to 11 U.S.C. § 363(h).

16.     Upon information and belief, the value of the Real Property significantly exceeds existing liens on the Debtor's interest in the Real Property.

17.     The partition in kind of the Real Property among the estate and the co-owner is impracticable because: (a) it is comprised of a one family dwelling, and (b) the sale of the Estate's interest alone would realize significantly less than a sale free and clear of Defendant's interest in the Real Property.

18.     Upon information and belief, a sale of the Estate's interest in the Real Property would realize significantly less for the Estate than the sale of such Real Property free of the interest of the co-owner.

19.     Upon information and belief, the benefit to the Estate of a sale of the Real Property free of the interest of the co-owner outweighs the detriment, if any, to such co-owner.

20.     Upon information and belief, the Real Property is not used in the production, transmission or distribution for sale of electric energy or of natural of synthetic gas for heat, light and power.

21.     The Plaintiff seeks an order compelling the sale of the Real Property so that the Plaintiff may recover the Debtor's interest in the Real Property for the benefit of the Debtor's estate.

3

22.    By virtue of the foregoing, Plaintiff is entitled to a judgment pursuant to §§ 541, 542 and 363(h) of the Bankruptcy Code against the Defendant: (a) authorizing and directing Plaintiff to sell the Real Property, free and clear of Defendant's interest therein; and (b) determining the Defendant's distributive interest in and to the proceeds from the sale of the Real Property.

WHEREFORE, Plaintiff Marc A. Pergament, Trustee of the Estate of Frank Vincent Belmonte, demands judgment against Defendant Shakeh Belmonte, as follows:

a.    on the First Claim for relief, for partition and division of the Real Property according to the respective rights of the parties; or if partition is impracticable, for judgment directing the sale of the Real Property pursuant to 11 U.S.C. § 363(h) and the equal division of the proceeds between the parties according to their respective rights;

b.    costs, disbursements and reasonable attorneys' fees; and

c.    such other and further relief as this Court deems just and proper.

Dated:    Garden City, New York
          September 19, 2017

Weinberg, Gross & Pergament LLP
Attorneys for Plaintiff-Trustee

By:    _____
       Marc A. Pergament
       400 Garden City Plaza, Suite 403
       Garden City, New York 11530
       (516) 877-2424

4